UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN CHRISTOPHER NUNEZ,<br><br>　　　Petitioner,<br><br>　　v.<br><br>WARDEN M. BOWEN,<br><br>　　　Respondent. | Case No.: 1:14-cv-00327-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF EXHAUSTION<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on March 10, 2014. (Doc.1). A preliminary review of the petition, however, reveals that the petition may contain claims that have not been exhausted in state court and, therefore, the petition should be dismissed.

**DISCUSSION**

A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

1

corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

### B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims have been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

In this case, Petitioner alleges that, on November 8, 2006, he was convicted after a guilty plea in the Superior Court for San Diego County of pimping, resisting an officer, and false imprisonment, and sentenced to a prison term of six years for pimping plus a consecutive term of two years for a prior conviction allegation, for a total of eight years. (Doc. 1, p. 1). Petitioner did not appeal his conviction. However, he filed a habeas corpus petition in the San Diego County Superior Court challenging the decision of the California Department of Corrections and Rehabilitation ("CDCR") to calculate Petitioner's entire sentence using the 85% limitation on credit-earning capacity; Petitioner contends that the 85% limitation should apply only to the two-year term, and that Petitioner should earn 50% credits for the remainder of his term. (Doc. 1, p. 3). On August 23, 2012, the Superior Court denied his petition. (Doc. 1, p. 16). Petitioner indicates that he did not pursue his claim beyond the Superior Court. (Doc. 1, p. 8).

From the foregoing, it appears that Petitioner has not presented his claim to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claim

for federal relief to the California Supreme Court, the Court must dismiss the petition.  See <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted. <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982); <u>Calderon</u>, 107 F.3d at 760.

However, it is possible that Petitioner exhausted his claim and simply failed to provide the Court with the documents and information that would establish such exhaustion.  Accordingly, Petitioner will be permitted thirty days within which to respond to this Order To Show Cause by filing a response containing evidence that the claims herein are indeed exhausted by presenting the claim to the California Supreme Court.  If Petitioner fails to provide such evidence, the Court will have no alternative but to dismiss the petition for lack of exhaustion.

### ORDER TO SHOW CAUSE

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO SHOW CAUSE **within 30 days** of the date of service of this Order why the Petition should not be dismissed for failure to exhaust remedies in state court.

**Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **March 13, 2014**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE